UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOBIEN P. DURHAM,<br><br>         Petitioner,<br><br>    v.<br><br>RON BROOMFIELD, Acting Warden,[1]<br><br>         Respondent. | No.  1:20-cv-01295-AWI-SKO (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[TWENTY-ONE DAY OBJECTION DEADLINE]** |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The habeas petition presents several claims challenging the conviction. As discussed below, the Court finds the claims to be without merit and recommends the petition be **DENIED.**

**I.     PROCEDURAL HISTORY**

On July 10, 2018, Petitioner pled guilty in Stanislaus County Superior Court to two counts of vehicular manslaughter (Cal. Penal Code § 191.5(a)) and one count of driving under the influence causing injury (Cal. Vehicle Code § 23153(a)).  (Doc. 11-1 at 1.[2])  On August 10, 2018, Petitioner was sentenced to an aggregate prison term of 30 years pursuant to the negotiated

---

[1] Pursuant to Rule 25 of the Federal Rules of Civil Procedure, Ron Broomfield is hereby substituted for Ronal Davis as Respondent.

[2] Citations are to the court docket using ECF pagination.

1

plea. (Doc. 11-1 at 1, 9, 11.)

Petitioner did not file an appeal. On August 28, 2019, he filed a petition for writ of habeas corpus in the Stanislaus County Superior Court. (Doc. 11-2 at 1, 5.) On October 8, 2019, the petition was denied. (Doc. 11-2 at 1.) Petitioner filed a second habeas petition in the Stanislaus County Superior Court on November 25, 2019. (Doc. 11-3 at 1.) The superior court denied the petition on January 21, 2020. (Doc. 11-3 at 1.) Petitioner next filed a petition for writ of habeas corpus in the California Court of Appeal, Fifth Appellate District ("Fifth DCA"). (Doc. 11-5 at 1.) The petition was summarily denied on September 18, 2019. (Doc. 11-5 at 1.) On March 6, 2020, Petitioner filed a habeas petition in the California Supreme Court. (Doc. 11-6 at 1.) The petition was denied on July 29, 2020. (Doc. 11-6 at 1.)

On September 11, 2020, Petitioner filed a petition for writ of habeas corpus in this Court. (Doc. 1.) On October 27, 2020, Respondent filed an answer to the petition. (Doc. 12.) Petitioner did not file a traverse.

## II.    FACTUAL BACKGROUND

The Court adopts the statement of facts in the Stanislaus County Superior Court's unpublished decision[3] :

> The facts of the case show that the defendant, while under the influence of alcohol, was driving a vehicle in excess of the speed limit and slammed into the back of a vehicle causing the vehicle to become engulfed in flames, killing all three occupants. The defendant left the scene without rendering aid. The defendant was charged with three counts of murder, under the Prosecution's theory of implied malice based on the defendant's prior DUI conviction containing proof of a "Watson" advisement, in addition to other counts, special allegations, and prior convictions. As part of a negotiated disposition, the defendant was permitted to enter a plea to 2 counts of [Pen. Code, §] 191.5(a), admitting the special allegations of [Vehicle Code §] 20001(c), 1 count of [Vehicle Code §] 23153(a) and admitting the enhancement pursuant to [Penal Code §] 12022.7(a), and admitting a [Penal Code §] 667(a) prior, a [§] 667(d) prior, and a [§] 667.5(b) prior, for a CDCR commitment of 30 years. [¶] . . . [¶] At the time of his plea, the defendant stated he had told his attorney all the facts and circumstances that were known to him about his case and that he had had sufficient time to discuss the case with his attorney.

(Doc. 11-3 at 1.)

---

[3] The state court's summary of facts in its unpublished opinion is presumed correct. 28 U.S.C. §§ 2254(d)(2), (e)(1). Therefore, the Court will rely on the state court's summary of the facts. Moses v. Payne, 555 F.3d 742, 746 (9th Cir. 2009).

## III. DISCUSSION

### A. Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n. 7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. The challenged conviction arises out of the Stanislaus County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 28 U.S.C.§ 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997) (holding the AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

### B. Legal Standard of Review

A petition for writ of habeas corpus under 28 U.S.C. § 2254(d) will not be granted unless the petitioner can show that the state court's adjudication of his claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003); Williams, 529 U.S. at 412-413.

A state court decision is "contrary to" clearly established federal law "if it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or "if it confronts a set of facts that is materially indistinguishable from a [Supreme Court] decision but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005) (citing Williams, 529 U.S. at 405-406).

In Harrington v. Richter, 562 U.S. 86, 101 (2011), the U.S. Supreme Court explained that

an "unreasonable application" of federal law is an objective test that turns on "whether it is possible that fairminded jurists could disagree" that the state court decision meets the standards set forth in the AEDPA. The Supreme Court has "said time and again that 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Cullen v. Pinholster, 563 U.S. 170, 203 (2011). Thus, a state prisoner seeking a writ of habeas corpus from a federal court "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement." Harrington, 562 U.S. at 103.

The second prong pertains to state court decisions based on factual findings. Davis v. Woodford, 384 F.3d 628, 637 (9th Cir. 2003) (citing Miller-El v. Cockrell, 537 U.S. 322 (2003)). Under § 2254(d)(2), a federal court may grant habeas relief if a state court's adjudication of the petitioner's claims "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Wiggins v. Smith, 539 U.S. 510, 520 (2003); Jeffries v. Wood, 114 F.3d 1484, 1500 (9th Cir. 1997). A state court's factual finding is unreasonable when it is "so clearly incorrect that it would not be debatable among reasonable jurists." Jeffries, 114 F.3d at 1500; see Taylor v. Maddox, 366 F.3d 992, 999-1001 (9th Cir. 2004), *cert.denied*, Maddox v. Taylor, 543 U.S. 1038 (2004).

To determine whether habeas relief is available under § 2254(d), the federal court looks to the last reasoned state court decision as the basis of the state court's decision. See Ylst v. Nunnemaker, 501 U.S. 979, 803 (1991); Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). "[A]lthough we independently review the record, we still defer to the state court's ultimate decisions." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).

The prejudicial impact of any constitutional error is assessed by asking whether the error had "a substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993); see also Fry v. Pliler, 551 U.S. 112, 119-120 (2007) (holding that the Brecht standard applies whether or not the state court recognized the error and reviewed it for harmlessness).

C.      Review of Petition

Petitioner raises several claims challenging his conviction.  He contends he is actually innocent of the crime. He further contends that he is guilty of involuntary manslaughter rather than voluntary manslaughter because his act was not a proximate cause of the victims' deaths.  He claims his attorney was ineffective in failing to investigate and utilize this argument in negotiating the plea. Finally, he claims a vehicle defect was the proximate cause of the victims' deaths, thus negating his culpability.

1.      Actual Innocence

Petitioner claims he is actually innocent of the crime.  In Herrera v. Collins, 506 U.S. 390, 417 (1993), the Supreme Court assumed, without deciding, that "in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim."  However, no Supreme Court case has held that a free-standing claim of actual innocence could merit relief in a non-capital case.  Thus, Petitioner's claim cannot prevail, for he cannot show that the state court unreasonably applied or contradicted Supreme Court authority in denying the claim.  28 U.S.C. § 2254(d).

Even assuming that a free-standing claim of innocence in a non-capital case is cognizable, Petitioner's claim lacks merit.  The standard for establishing a freestanding claim of actual innocence is "'extraordinarily high' and . . . the showing [for a successful claim] would have to be 'truly persuasive.'"  Carriger v. Stewart, 132 F.3d 463, 476 (9th Cir. 1997) (quoting Herrera, 506 U.S. at 417).  The Ninth Circuit has held that, "at a minimum, the petitioner must 'go beyond demonstrating doubt about his guilt, and must affirmatively prove that he is probably innocent.'"  Id. (citing Herrera, 506 U.S. at 442–44 (Blackmun, J., dissenting)).  Although the Ninth Circuit has not articulated the precise showing required, it has "discussed the standard for a freestanding actual innocence claim by reference to the Schlup 'gateway' showing, which permits a petitioner to proceed on a procedurally barred claim by showing actual innocence."  Carriger, 132 F.3d at 477 (citing House v. Bell, 547 U.S. 518, 554-55 (2006)).  In order to pass through the Schlup actual innocence gateway, a petitioner must demonstrate that "in light of new evidence, 'it is

5

1  more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a
2  reasonable doubt.'" House, 547 U.S. at 537 (quoting Schlup, 513 U.S. at 327). This new
3  evidence must be reliable, and the reviewing court "may consider how the timing of the
4  submission and the likely credibility of the affiants bear on the probable reliability of that
5  evidence." Schlup, 513 U.S. at 332. The federal habeas court "must consider all the evidence, old
6  and new, incriminating and exculpatory, without regard to whether it would necessarily be
7  admitted under rules of admissibility that would govern at trial." House, 547 U.S. at 538 (internal
8  quotation marks and citation omitted). "Based on this total record, the court must make 'a
9  probabilistic determination about what reasonable, properly instructed jurors would do.'" Id.
10 (quoting Schlup, 513 U.S. at 329).

11     In this case, the evidence to which Petitioner points is not new, nor does it call into
12 question his acts of driving while under the influence of alcohol in excess of the speed limit and
13 slamming into the back of the victims' vehicle. Petitioner speculates that a defect in the vehicle
14 may have contributed to the injuries sustained by the victims. It is clear, however, that
15 Petitioner's actions were the cause of the victims' deaths. Under California law, a "cause of
16 [death] is an act or omission that sets in motion a chain of events that produces as a direct, natural
17 and probable consequence of the act or omission the [death] and without which the [death] would
18 not occur." People v. Brady, 129 Cal. App. 4th 1314, 1324, 29 Cal. Rptr. 3d 286, 294 (2005)
19 (quoting CALJIC No. 3.40). "The conduct of the victim or other third persons, whether negligent
20 or even criminally proscribed, is not, in itself, a defense to crime." People v. Schmies, 44
21 Cal.App.4th 38, 46 (Cal. Ct. App. 1996). Petitioner fails to show that no rational jurist would
22 agree with the state court rejection of this claim. Accordingly, Petitioner's innocence claim is
23 without merit.

24     2.    Involuntary vs. Voluntary Manslaughter

25     Petitioner claims the evidence shows he was guilty of involuntary manslaughter rather
26 than voluntary manslaughter, because his actions were not the proximate cause of the victims'
27 deaths. Petitioner's theory is unsound because involuntary manslaughter also requires a showing
28 that the defendant's actions were the proximate cause of the victims' deaths. See People v.

Butler, 187 Cal.App.4th 998, 1009 (2010) ("Involuntary manslaughter, like other forms of homicide, also requires a showing that the defendant's conduct proximately caused the victim's death."). Likewise, Petitioner's claim that counsel was ineffective in failing to make this argument fails. Counsel cannot be faulted for failing to make a frivolous argument.

### 3.   Proximate Cause

In a claim related to the above claims, Petitioner contends he was not the proximate cause of the victims' deaths. He contends that a defect in the vehicle caused the victims to become trapped in the vehicle after it was hit and that is what caused the deaths of the victims. As noted above, Petitioner's actions of driving under the influence at a high rate of speed and colliding with the victims' vehicle set in motion a chain of events that ultimately killed the victims. In general, "[p]roximate cause is clearly established where the act is directly connected with the resulting injury, with no intervening force operating." Schmies, 44 Cal. App. 4th at 48-49.

Here, no actor intervened after Petitioner collided into the back of the victims' vehicle. Thus, Petitioner's acts were the proximate cause of the victims' deaths. Moreover, it cannot reasonably be argued that the victims' injuries and deaths were not reasonably foreseeable, natural and probable consequences of Petitioner's actions. Even if Petitioner's speculative assertion were true, and a defect in the vehicle contributed to the demise of the victims, Petitioner's culpability would not be negated. His culpability for the deaths of the victims is consistent with the time-honored principle that "a wrongdoer in criminal cases as in civil torts takes his victim as he finds him." People v. Cameron, 53 Cal.App.3d 786, 790 (1975).

Petitioner fails to demonstrate that the state court rejections of his claims were contrary to, or an unreasonable application of, the controlling Supreme Court authority. Therefore, the petition should be denied.

## IV.   RECOMMENDATION

Based on the foregoing, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DENIED with prejudice on the merits.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the

Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 22, 2020**                    /s/ *Sheila K. Oberto*
                                                                         UNITED STATES MAGISTRATE JUDGE