1

2

3

4

5               UNITED STATES DISTRICT COURT

6            FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8    TOBIEN P. DURHAM,                    No.  1:20-cv-01295-AWI-SKO (HC)

                   Petitioner,            **ORDER ADOPTING FINDINGS AND**
9                                         **RECOMMENDATION, DISMISSING**
                                          **PETITION FOR WRIT OF HABEAS**
10        v.                              **CORPUS, DIRECTING THE CLERK TO**
                                          **ENTER JUDGMENT AND CLOSE CASE,**
11                                        **AND DECLINING TO ISSUE A**
     RON BROOMFIELD, Acting Warden,       **CERTIFICATE OF APPEALABILITY**
12
                   Respondent.            **(Doc. No. 14)**
13

14

15        Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for

16   writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On December 23, 2020, the magistrate judge

17   assigned to the case issued a Findings and Recommendation that recommended the petitioned be

18   denied on its merits.  Doc. No. 14.  The Findings and Recommendation was served on all parties

19   and contained notice that any objections were to be filed within twenty-one days from the date of

20   service of that order.  No party has filed objections, and the time to do so has expired.

21        In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a

22   de novo review of the case.  Having carefully reviewed the entire file, the Court concludes that

23   the Findings and Recommendation is supported by the record and proper analysis.

24        In addition, the Court declines to issue a certificate of appealability.  A state prisoner

25   seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his

26   petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S.

27   322, 335–36 (2003).  The controlling statute in determining whether to issue a certificate of

28

1

1  appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)
>
>> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>>
>>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>>
>>> (B) the final order in a proceeding under section 2255.
>>
>> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>>
>> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

16  If a petition is denied, the court may only issue a certificate of appealability when a

17  petitioner makes a substantial showing of the denial of a constitutional right. § 2253(c)(2).  To

18  make a substantial showing, the petitioner must establish that "reasonable jurists could debate

19  whether (or, for that matter, agree that) the petition should have been resolved in a different

20  manner or that the issues presented were 'adequate to deserve encouragement to proceed

21  further.'"  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S.

22  880, 893 n.4 (1983)).

23  In the present case, the Court finds that Petitioner has not made the required substantial

24  showing of the denial of a constitutional right to justify the issuance of a certificate of

25  appealability.  Reasonable jurists would not find the Court's determination that Petitioner is not

26  entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to

27  proceed further.  Thus, the Court will decline to issue a certificate of appealability.

28  ///

Accordingly, the Court orders as follows:

1.   The Findings and Recommendation filed on December 23, 2020 (Doc. No. 14) is

ADOPTED in full;

2.   The petition for writ of habeas corpus (Doc. No. 1) is DENIED with prejudice;

3.   The Clerk of Court is directed to ENTER judgment and CLOSE the case; and

4.   The Court DECLINES to issue a certificate of appealability.


IT IS SO ORDERED.

Dated:   February 2, 2021

_____
SENIOR  DISTRICT  JUDGE

3